Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM CRIST; SCOTT WENZEL; and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.: |
| vs. ) ) | COMPLAINT |
| UNIFUND CCR Partners, a limited Liability Company; SUTTELL & ASSOCIATES P.S., a Washington Professional Service Corporation; ISAAC HAMMER and JANE DOE HAMMER, husband and wife; and TYLER J. MOORE and JANE DOE MOORE, husband and wife. ) ) ) ) ) ) ) ) ) ) ) ) | [FDCPA-CLASS ACTION] |
| Defendants. ) ) | |

Plaintiffs William Crist and Scott Wenzel, suing on their own behalf and the behalf of all others similarly situated, through their attorney, Michael D. Kinkley of Michael D. Kinkley, P.S., and Alan McNeil of University Legal Assistance alleges the following:

COMPLAINT  -1

# I. COMPLAINT – CLASS ACTION

1.1.    This is an action for damages and remedies against defendants, Unifund

CCR Partners, a limited Liability Company ("Unifund"), Suttell &

Associates, P.S., a Washington Professional Service Corporation; Isaac

Hammer and Jane Doe Hammer, husband and wife, and Tyler J. Moore

and Jane Doe Moore, husband and wife pursuant to the Fair Debt

Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA"); for

damages and remedies pursuant to the Washington State Consumer

Protection Act (RCW 19.86 et seq.) ("WCPA"); for damages and

remedies for wrongful garnishment, statutory wrongful garnishment, and

unfair and deceptive acts or practices in trade or commerce.

1.2.    For damages and remedies against defendant Unifund pursuant to the

State of Washington Collection Agency Act, RCW 19.16, ("WCAA").

# II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C.

§1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state

law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available

pursuant to 28 U.S.C. §2201 and §2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the

Defendants conduct affairs and transact business in this District, a

COMPLAINT  -2

significant portion of the unlawful acts giving rise to this Complaint occurred in this District, and the plaintiffs reside within the territorial jurisdiction of the Court.

## III. FEDERAL QUESTION SUBJECT MATTER JURISDICTION

3.1.    Plaintiff William Crist is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3.2.    Plaintiff William Crist is a natural person.

3.3.    Plaintiff Crist is alleged obligated to pay a debt.

3.4.    Plaintiff Scott Wenzel is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3.5.    Plaintiff Scott Wenzel is a natural person.

3.6.    Plaintiff Wenzel alleged obligated to pay a debt.

3.7.    Defendant Unifund, was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.8.    Defendant Suttell & Associates, P.S., was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.9.    Defendant Isaac Hammer was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692a(5).

3.10.    Defendant Tyler J. Moore was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692a(5).

COMPLAINT  -3

3.11.   The alleged debt of William Crist was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.12.   The alleged debt of Scott Wenzel was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.13.   The debt of Plaintiff William Crist alleged owed by the Defendants was a credit card debt.

3.14.   All credit card charges defendants alleged that Plaintiff William Crist owed were for personal purposes.

3.15.   The debt of Plaintiff Scott Wenzel alleged owed by the Defendants was a credit card debt.

3.16.   All credit card charges defendants alleged that Plaintiff Scott Wenzel owed were for personal purposes.

3.17.   Defendant Unifund is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.18.   The principle purpose of Unifund's business is the collection of debts.

3.19.   Defendant Unifund regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

COMPLAINT -4

3.20.   Defendant Suttell & Associates, P.S., is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.21.   Defendant Suttell & Associates, P.S., regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.22.   Defendant Isaac Hammer is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.23.   Defendant Isaac Hammer regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.24.   Defendant Tyler J. Moore regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.25.   Defendant Tyler J. Moore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.26.   Unifund is a "collection agency" as defined by RCW 19.16.100(2).

3.27.   Unifund is not properly licensed as required by Washington law.

COMPLAINT -5

IV. PARTIES

4.1.    Now, and at all relevant times, Plaintiff William Crist was a resident of the State of Washington residing within the territorial jurisdiction of the United States District Court for the Eastern District of Washington.

4.2.    Now, and at all relevant times, Plaintiff Scott Wenzel was a resident of the State of Washington residing within the territorial jurisdiction of the United States District Court for the Eastern District of Washington.

4.3.    Defendant Unifund is a Limited Liability company, engaged in the business of collecting debts within the State of Washington; which debts were originally owed to another.

4.4.    The principle purpose of Unifund's business activities within the jurisdiction of this court is the collection of debts originally owed another using the mail and telephone, and defendant regularly attempts to collect debts alleged to be due another or originally owed to another.

4.5.    Defendant Unifund  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. § 1692a(6).

4.6.    Defendants Suttell and Associates P.S., Isaac Hammer, and Tyler J. Moore are the attorneys for Defendant Unifund.

COMPLAINT  -6

4.7.   Isaac Hammer is an employee of Suttell & Associates, P.S. All acts done by Isaac Hammer were done on his behalf, on behalf of Jane Doe Hammer and the marital community, and on behalf of Suttell & Associates, P.S., and on behalf of Unifund.

4.8.   Tyler J. Moore is an employee of Suttell & Associates, P.S. All acts done by Tyler J. Moore were done on his behalf, on behalf of Jane Doe Moore and the marital community, and on behalf of Suttell & Associates, P.S., and on behalf of Unifund.

4.9.   All acts done by Suttell & Associates, P.S., were done on its own behalf, and on behalf of Unifund.

## V. FACTS RELATED WILLIAM CRIST

5.1.   On June 14, 2007, Defendant Suttell & Associates on behalf of Defendant Unifund filed a Complaint against William Crist ("Crist Complaint"), in Washington State Superior Court, Spokane County, Case No.: 07-202616-3 ("Crist Collection Lawsuit").

5.2.   The Crist Collection Lawsuit was an attempt to collect an alleged credit card debt which was incurred primarily for person, family or household purposes.

5.3.   On June 21, 2007, an Order of Default Judgment was entered in the Crist Collection Lawsuit ("Crist Default Judgment").

COMPLAINT -7

5.4.    The Crist Default Judgment awarded Unifund the sum of $1,713.37 which consisted of $437.31 in principle, $348.06 in interest, $240.00 in costs, and $650.00 in attorney's fees.

5.5.    On August 29, 2008, Defendant Isaac Hammer signed and presented a Writ of Garnishment in the Crist Collection Lawsuit.

5.6.    On August 29, 2008, Defendant Isaac Hammer requested a $250.00 garnishment attorney fee.

5.7.    The Garnishment Writ presented by Isaac Hammer indicated that the amount of the remaining unsatisfied judgment is a principle of $1,801.37, together with interest in the amount of $204.02, for a total remaining unsatisfied judgment in the amount of $2,005.39.

5.8.    Defendant Isaac Hammer misrepresented the amount of the judgment ($1713.37 vs. $1,801.35).

5.9.    On August 29, 2008, Isaac Hammer filed a "Declaration for Garnishment Continuing lien of Earnings" in support of the issuance of the Writ of Garnishment he presented.

5.10.   Washington Law at RCW 6.27.090 limits the amount of attorney fees which may be recovered in a garnishment proceeding to, "the amount greater of fifty dollars or ten percent of (a) the amount of the judgment

COMPLAINT -8

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

remaining unsatisfied or (b) the amount prayed for in the complaint. The

garnishment attorney fee shall not exceed two hundred fifty dollars."

5.11.    The Crist Garnishment included a $250.00 "Garnishment Attorney fee."

5.12.    Ten percent (10%) of $1,713.37 is less than $171.34.

5.13.    $250.00 is an amount greater than $171.34.

5.14.    Ten percent (10%) of $2,005.39 is less than $200.54.

5.15.    $250.00 is an amount greater than $200.54.

5.16.    The "Garnishment Attorney fee" of $250.00, is more than is allowed by

Washington Law.

5.17.    The Crist Garnishment Writ was generated by computer software which

merges data into a pre-made, form Writ.

4.10.    Defendants Suttell & Associates, P.S., Isaac Hammer, and Tyler J.

Moore approved the form of all Writs of Garnishment filed against

Plaintiff William Crist and the collection system using that form.

### VI. FACTS RELATED TO SCOTT WENZEL

6.1.    On June 08, 2007, Defendant Suttell & Associates on behalf of

Defendant Unifund filed a Complaint against Scott Wenzel ("Wenzel

Complaint"), in Washington State Superior Court, Spokane County, Case

No.: 07-202537-0 ("Wenzel Collection Lawsuit").

COMPLAINT  -9

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

6.2.   The Wenzel Collection Lawsuit was an attempt to collect an alleged credit card debt which was incurred primarily for person, family or household purposes.

6.3.   The Wenzel Complaint alleges at ¶ IV that Scott Wenzel is indebted to Unifund in the amount of $8,493.64, for "goods services and money loaned."

6.4.   On June 13, 2007, an Order of Default Judgment was entered in the Wenzel Collection Lawsuit ("Wenzel Default Judgment").

6.5.   The Wenzel Default Judgment awarded Unifund the sum of $9,808.38 which consisted of $6,904.63 in principle, $2,013.75 in interest, $240.00 in costs, and $650.00 in attorney's fees.

6.6.   On October 07, 2008, Defendant Tyler J. Moore signed a "Declaration Regarding Garnishment Costs and Fees" of "William G. Suttell / Nicole M. Brodie / Karen L. Hammer / Isaac L. Hammer" regarding garnishment costs and fees which requested a "10% Garnishment Attorney Fee  = $690.46" ("Wenzel Garnishment Declaration").

6.7.   Defendant Tyler J. Moore reviewed the Wenzel "Declaration Regarding Garnishment Costs and Fees" before signing.

6.8.   Defendant Tyler J. Moore did not review the Wenzel "Declaration Regarding Garnishment Costs and Fees" before signing.

COMPLAINT -10

6.9.    Washington Law at RCW 6.27.090 limits the amount of attorney fees which may be recovered in a garnishment proceeding to, "the amount greater of fifty dollars or ten percent of (a) the amount of the judgment remaining unsatisfied or (b) the amount prayed for in the complaint.  The garnishment attorney fee **shall not exceed two hundred fifty dollars**." RCW 6.27.090. (emphasis added).

6.10.   The Wenzel Garnishment Declaration included a request for $690.46 "Garnishment Attorney Fee."

6.11.   $690.46 is an amount greater than $250.00.

6.12.   The "Garnishment Attorney fee" of $690.46 in the Wenzel Garnishment Declaration, is an amount greater than that permitted by Washington Law.

6.13.   The Wenzel "Declaration Regarding Garnishment Costs and Fees" was generated by computer software which merges data into a pre-made form Garnishment Declaration.

6.14.   Defendants Suttell & Associates, P.S., Isaac Hammer, and Tyler J. Moore approved the form of all Writs of Garnishment filed against Plaintiff Scott Wenzel and the collection system using that form.

COMPLAINT  -11

# VII. DEFENDANTS PRACTICES

7.1     Defendants Unifund and Suttell & Associates P.S., use computer technology to collect or attempt to collect debts.

7.2     Defendants Unifund and Suttell & Associates P.S., use a computer program or database to organize, and sort by each debtor, information about a debtor and about any debts the debtor is claimed to owe.

7.3     Defendants Unifund and Suttell & Associates P.S., collected or attempted to collect debts in excess of the amount owed using false affidavits for default and or summary judgment in state court.

7.4     Defendants Unifund and Suttell & Associates P.S., have standardized procedures and used standardized forms to collect debts.

7.5     The Crist "Declaration for Garnishment Continuing lien of Earnings" was created using a standardized form or template.

7.6     The template which was used to create the Crist "Declaration for Garnishment Continuing lien of Earnings" is part of the computer program or database used by Unifund and Suttell & Associates P.S., as a collection system.

7.7     The "Declaration for Garnishment Continuing lien of Earnings" was created by merging data information from the collection database into the standardized template.

COMPLAINT  -12

7.8     The Crist Garnishment Writ was created using a standardized form or template.

7.9     The template which was used to create the Crist Garnishment Writ is part of the computer program or database used by Unifund and Suttell & Associates P.S., as a collection system.

7.10    The Crist Garnishment Writ was created by merging data information from the collection database into the standardized template.

7.11    The Wenzel "Declaration Regarding Garnishment Costs and Fees" was created using a standardized form or template.

7.12    The template which was used to create the Wenzel "Declaration Regarding Garnishment Costs and Fees" is part of the computer program or database used by Unifund and Suttell & Associates P.S., as a collection system.

7.13    The Wenzel "Declaration Regarding Garnishment Costs and Fees" was created by merging data information from the collection database into the standardized template.

7.14    The Wenzel Garnishment Writ was created using a standardized form or template.

COMPLAINT -13

7.15   The template which was used to create the Wenzel Garnishment Writ is part of the computer program or database used by Unifund and Suttell & Associates P.S., as a collection system.

7.16   The Wenzel Garnishment Writ was created by merging data information from the collection database into the standardized template.

7.17   During 2005, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore used the declaration and application for garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

7.18   During 2006, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore used the declaration and application for garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

7.19   During 2007, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore used the declaration and application for garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

7.20   During 2008, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore used the declaration and application for

COMPLAINT -14

garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

7.21   During 2009, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore used the declaration and application for garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

## VIII. CLASS ALLEGATIONS

8.1   This action is brought on behalf of a class consisting of:

    a)   all persons in the state of Washington;

        (i) against whom defendants' attempted to collect a garnishment attorney fee in an amount not permitted by Washington Law.

    b)   The class period for the FDCPA claims is one year prior to the date of filing this action.  The class period for the WCPA and WCAA is the four-year period prior to the date of the filing of this Complaint.

8.2   The class is sufficiently numerous that joinder of all members is impractical.  This assertion is based upon the fact that defendants garnish hundreds of consumers in the State of Washington using data merge form Declarations for Garnishment and Writs of Garnishment employing a formula which calculates attorney fees in excess of the amount permitted by law.

COMPLAINT -15

8.3    There are questions of law and fact common to the class, which questions

predominate over any questions peculiar to individual class members.

The principal issues include whether defendants violated the FDCPA ,

WCAA, and the WCPA by:

a)    Using false representations or deceptive means to collect or attempt

to collect a debt;

b)    Using unfair or unconscionable means to collect or attempt to

collect a debt;

c)    Threatening action that could not legally be taken;

d)    Seeking unreasonable garnishment attorney's fees;

e)    Seeking garnishment attorney's fees in an amount greater than that

allowed by law.

8.4    There are no individual questions, other than issues which can be

determined by a ministerial inspection of defendants' records. There are

no individual questions peculiar to individual class members.

8.5    Plaintiff has the same claims as the members of the class. All of the

claims are based on the same factual and legal theories.

8.6    Plaintiffs will fairly and adequately represent the interest of the class

members.  They are committed to vigorously litigating this matter.

Plaintiffs have retained counsel experienced in prosecuting class actions

COMPLAINT -16

and claims involving unlawful collection matters. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

8.7     A class action is a superior method for the fair and efficient adjudication of this controversy.

8.8     Class wide damages are essential to induce defendants to comply with the law.

8.9     The interest of the class members in individually controlling the presentation of separate claims against the defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00.

8.10    Certification of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights.  In the absence of a class action, a failure of justice will result.

8.11    Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

COMPLAINT  -17

## IX. VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

9.1.    The debt collector defendants, through their own acts, and through their

agents and employees, and their policies and procedures, have violated

the FDCPA which has caused damage to Plaintiffs.

9.2.    The Defendants falsely represented the character, amount, and/or legal

status of the alleged debt, violating 15 USC § 1692e, 15 USC §

1692e(2)(A), and other provisions of the FDCPA.

9.3.    The Defendants have threatened to take action that cannot legally be

taken, violating 15 USC § 1692e, 15 USC § 1692e(5) and other

provisions of the FDCPA.

9.4.    Defendants have made misleading and deceptive statements in the

collection of a debt in violation of 15 USC § 1692e.

9.5.    Defendants have used unfair or unconscionable means to collect or

attempt to collect a debt in violation of 15 USC § 1692f including but not

limited to 15 USC § 1692f (1).

9.6.    Defendants have collected or attempted to collect collection charges,

interest and attorney fees in excess of the collection charges, interest and

attorney fees allowed by law, in violation of 15 USC § 1692f, 15 USC §

1692f(1), and other provisions of the FDCPA.

COMPLAINT -18

9.7.   Defendants collected or attempted to collect amounts which were neither expressly authorized by an agreement, nor permitted by law, in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA..

9.8.   The Defendants violation of the FDCPA has caused actual Damages to the Plaintiffs and members of the class.

## X. VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

10.1.   Defendant Unifund is a "collection agency" as defined by RCW 19.16.100(2).

10.2.   Defendant Unifund uses computer collection software to collect debts.

10.3.   The policy, procedures, practices and computer collecting software used by Unifund result in the creation and mailing of certain writings and the creation of information to base a lawsuit in a certain order.

10.4.   The information and forms used by Defendant Unifund from August of 2005 to the – present were approved for use by Defendant Suttell and Associates P.S.

10.5.   Defendant Unifund is in violation of RCW 19.16.250(14), 19.16.250(15), 19.16.250(18), and other sections of RCW 19.16. including but not limited to RCW 19.16.250.

COMPLAINT  -19

10.6. Unifund is not properly licensed as a collection agency as required by the WCAA.

10.7. Unifund is collecting debts without a license in violation of the WCAA.

10.8. Unifund is filing lawsuits without properly being a valid Washington Corporation.

10.9. Unifund is filing lawsuits without properly being a Qualified Foreign Incorporation.

10.10. A violation of the Washington Collection Agency Act is a per se violation of the Washington State Consumer Protection Act (RCW 19.16.440).

## XI. VIOLATION OF THE CONSUMER PROTECTION ACT

11.1. All Defendants violated the Washington Consumer Protection Act ("WCPA").

11.2. The WCPA requires that all collection agents and debt collectors abstain from unfair or deceptive practices or acts and unfair methods of competition.

11.3. A Violation of the Washington State Collection Agency Act is a per se violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

COMPLAINT -20

11.4.  Any violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections is an unfair act or practice and/or an unfair method of competition in the conduct of trade or commerce.

11.5.  Unifund's violation of the WCAA are a per se violation of the WCPA.

11.6.  Any violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections affects the public interest in violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

11.7.  Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore, personally and/or by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices,  and unfair methods of competition that have caused injury to the plaintiff.

11.8.  Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore have engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

11.9.  Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore are each in the business of debt collection in trade or commerce.

11.10. Unlawful and Unfair Debt Collections is against public interest.

COMPLAINT -21

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

11.11. The defendant's actions were the direct cause of injury to plaintiff's property.

11.12. Plaintiff William Crist's funds were seized by the defendants.

11.13. Plaintiff Scott Wenzel's funds were seized by the defendants.

11.14. The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiffs and other similarly situated to pay collection charges and attorney fees that are unfair deceptive, unlawful, and an unfair method of competition.

11.15. Defendant Unifund has violated the WCCA including but not limited to the prohibited practices section (RCW 19.16.250).

11.16. Defendant Unifund has violated the WCCA including but not limited to failing to obtain and maintain a license as required by RCW 19.16.110.

11.17. Defendant Unifund has violated the Washington Administrative Code governing the actions of collection agencies.

11.18. The business of collection agencies, as well as all acts and practices of collection agencies, debt collectors, are subject to the Consumer Protection Act, RCW 19.86 and subsequent sections.

11.19. The Consumer Protection Act of the State of Washington requires that all collection agents, debt collectors, abstain from unfair or deceptive practices or acts and unfair methods of competition.

COMPLAINT -22

11.20. Defendants, personally and/or by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition that have caused injury to the plaintiffs.

11.21. Defendant has engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

11.22. Defendant Unifund is in the business of debt collection in trade or commerce.

11.23. Unlawful and Unfair Debt Collections is against public interest.

11.24. The Defendants actions were the direct cause of injury to plaintiff's property.

11.25. The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiffs and other similarly situated to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

11.26. Defendant Suttell & Associates is a for profit corporation.

11.27. The entrepreneurial acts and practices of an attorney are subject to the Washington Consumer Protection Act, RCW 19.16 and subsequent sections.

COMPLAINT -23

11.28. The Washington Consumer Protection Act requires that all attorney's engaging in the entrepreneurial acts and practices abstain from unfair or deceptive practices or and unfair methods of competition.

11.29. Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, Karen Hammer, Mali Barber, and Tyler J. Moore use unfair and deceptive practices to create unfair and deceptive charges as legal fees, to collect unfair and deceptive fees, to bill unfair and deceptive fees, to determine unfair and deceptive fees.

11.30. Defendants Law Offices of Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore use unfair and deceptive acts and practices to obtain and retain clients.

11.31. The violations of the WCPA against Law Offices of Unifund, Suttell & Associates P.S., Isaac Hammer, and Tyler J. Moore are based on the entrepreneurial aspects of the practice of law.

## XII. DEMAND

WHEREFORE, plaintiff demands judgment as follows:

12.1.   Actual damages;

12.2.   Statutory damages pursuant to the FDCPA, 15 U.S.C.  § 1692k(a)(2).

12.3.   Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

COMPLAINT -24

12.4.   Costs and reasonable attorney's fees pursuant to the Washington

Consumer Protection Act, RCW 19.86;

12.5.   Treble damages pursuant to the Washington Consumer Protection Act,

RCW 19.86;

12.6.   Declaratory Judgment that defendants' practices violate the Fair Debt

Collection Practices Act and/or the Washington Consumer Protection

Act; and/or the Washington Collection Agency Act.

12.7.   Disgorgement of all money collected by defendants from members of the

class;

12.8.   Disgorgement pursuant to RCW 19.16.450 of all interest, service

charges, attorneys' fees, collection costs, delinquency charge or any other

fees or charges not otherwise legally chargeable to the debtor on such

claim, collected by defendants from members of the class;

12.9.   Disgorgement of all interest, collection costs and attorney fees collected

in excess of that allowed by RCW 6.27.090.

12.10. Injunction prohibiting defendant from attempting to collect collection

fees, interest, attorney fees and other charges unless allowed by law.

12.11. For such other and further relief as may be just and proper.

COMPLAINT -25

1    DATED this 11th day of August, 2009.

2

3          *Michael D. Kinkley P.S.*

4

5          /s Michael D. Kinkley
           Michael D. Kinkley
6          WSBA # 11624
           Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT  -26